Ryan G. Baker (Bar No. 214036)
  rbaker@bakermarquart.com
Christian A. Anstett (Bar No. 240179)
  canstett@bakermarquart.com
BAKER MARQUART LLP
2029 Century Park East, Sixteenth Floor
Los Angeles, California 90067
Telephone:  (424) 652-7800
Facsimile:  (424) 652-7850

*Attorneys for Plaintiff*
*LABC Productions, LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| LABC PRODUCTIONS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>USSE CORP. d/b/a Union Square Agency, a Nevada corporation; Lincoln Computer Services, LLC, a New York limited liability corporation; Gary Cioffi, an individual; Shawn Garrity, an individual; and DOES 1-10,<br><br>Defendants. | Case No.: 2:15-cv-02352 DMG-E<br><br>**DISCOVERY MATTER**<br><br>[Referred to Magistrate Judge Charles F. Eick]<br><br>**NOTICE OF PLAINTIFF LABC PRODUCTIONS, LLC'S MOTION FOR SANCTIONS, INCLUDING DEFAULT**<br><br>[FILED CONCURRENTLY HEREWITH: [PROPOSED] ORDER; DECLARATION OF CHRISTIAN A. ANSTETT]<br><br>Hearing Date:  November 18, 2016<br>Hearing Time: 9:30 a.m.<br>Judge:  The Honorable Charles F. Eick<br>Courtroom:  20<br><br>Date Action Filed:  March 30, 2015 |

**TO THE CLERK OF COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Friday, November 18, 2016, at 9:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 20 of the above-entitled court, located at 312 North Spring Street, Los Angeles, California 90012, before the Honorable Charles F. Eick, Plaintiff LABC Productions LLC ("LABC") will and hereby does move the Court, pursuant to Federal Rule of Civil Procedure 37, for sanctions and an order of default against Defendants Lincoln Computer Services, LLC ("Lincoln"), Garry Cioffi and Shawn Garrity (collectively, "Defendants").

Good cause exists to grant this motion. Defendants continue to disregard this Court's rules and procedures. Defendants have now violated this Court's September 23, 2016 Order (the "Order") (Dkt. 101). The Order required the following:

1. "On or before October 3, 2016, [Defendants] shall serve complete responses without objection to the interrogatories and requests for production and shall produce all documents responsive to the requests for production."
2. "On or before October 10, 2016, at a time and place to be selected by Plaintiff, [Lincoln] shall appear for a deposition under Federal Rule of Civil Procedure 30(b)(6) in accordance with the Notice of Deposition appended as Exhibit G to the 'Declaration of Christian A. Anstett, etc.,' filed August 26, 2016."
3. "On or before October 24, 2016, [Defendants] shall pay to Plaintiff the total sum of $22,848.00 as sanctions under Rule 37 of the Federal Rules of Civil Procedure."

(Dkt. 101.)

Defendants satisfied none of those Court-ordered requirements. Defendants

have not served responses to LABC's discovery and have not produced a single document. LABC noticed Lincoln's deposition for October 7, 2016, but Lincoln failed to appear and provided no notice of its intent not to appear. Defendants also have not paid Plaintiff any of the $22,848.00 sanctions award. In the Order, the Court stated that "[f]ailure to comply with any portion of this Order may result in the imposition of more drastic sanctions, including, without limitation, the entry of Defendants' default." (Dkt. 101 at 2.) Defendants brazen disregard of this Court's Order warrants "more drastic sanctions," including default.

      This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the declaration of Christian Anstett, filed concurrently herewith, all other papers and pleadings on file with this Court and all other matters of which this Court may take judicial notice.

DATED this 25th day of October 2016.

                      BAKER MARQUART LLP

                      By: /s/ Ryan G. Baker
                          RYAN G. BAKER
                          BAKER MARQUART LLP
                          2029 Century Park East
                          Sixteenth Floor
                          Los Angeles, CA 90067
                          Telephone: 424.652.7800
                          Facsimile: 424.652.7850
                          rbaker@bakermarquart.com

                          *Attorneys for Plaintiff*
                          *LABC Productions, LLC*

# TABLE OF CONTENTS

Page

**TABLE OF CONTENTS**……………………………………………..…....…i

**TABLE OF AUTHORITIES**………………………………………….........ii

**MEMORANDUM OF POINTS AND AUTHORITIES**……………..….……1

**I. INTRODUCTION**…………………………………………………......1

**II. FACTUAL AND PROCEDURAL BACKGROUND**……………….…..1

    A.    Plaintiff's Motion to Compel……………………………………… 2

        i.    Defendants Fail to Attend Hearing……………………………...2

        ii.    The Order……………………………………………………..2

        iii.    Defendants Violate the Order………………………………...3

**III. ARGUMENT**……………………………………………………………...5

    A.    Defendants' Disregard for Federal and Local Rules and this Court's September 23, 2016 Order Requires Default………………….5

        i.    All Five of the Relevant Factors Support Default………………5

        ii.    Violation of Order Grounds for Default…………………….....7

    B.    Defendants Should Be Ordered to Pay LABC's Attorney's Fees and Costs for the 30(b)(6) Deposition No-Show and the Instant Motion……………………………………………………….7

        i.    Federal Rule of Civil Procedure 37 Supports A Fee Award……………………………………………………7

        ii.    This Court Should Award Fees Pursuant to Its "Inherent Powers"……………………………………………..7

**IV. CONCLUSION**……………………………………………………….9

PLAINTIFF LABC PRODUCTIONS LLC'S MOTION FOR SANCTIONS INCLUDING DEFAULT

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Anheuser-Busch, Inc. v. Natural Beverage Distributors*,
   69 F.3d 337 (9th Cir. 1995) ................................................................................ 8

*Buss v. Western Airlines, Inc.*,
   738 F.2d 1053 (9th Cir. 1984) ............................................................................ 6

*Dreith v. Nu Image, Inc.*,
   648 F.3d 779 (9th Cir. 2011) .............................................................................. 6

*G-K Properties v. Redevelopment Agency*,
   577 F.2d 645 (9th Cir. 1978) ………………………………………….... 5

*Haeger v. Goodyear Tire & Rubber Co.*,
   813 F.3d 1233 (9th Cir. 2016) ............................................................................ 7

*Hester v. Vision Airlines, Inc.*,
   687 F.3d 1162 (9th Cir. 2012) ........................................................................ 6, 8

*Malone v. U.S. Postal Service*,
   833 F.2d 128 (9th Cir. 1987) .............................................................................. 6

*Payne v. Exxon Corp.*,
   121 F.3d 503 (9th Cir. 1997) ........................................................................... 5, 6

*Primus Automotive Financial Services, Inc. v. Batarse*,
   115 F.3d 644 (9th Cir. 1977) .............................................................................. 8

*Sigliano v. Mendoza*,
   642 F.2d 309 (9th Cir. 1981) .............................................................................. 5

*TeleVideo Sys., Inc. v. Heidenthal*,
   826 F.2d 915 (9th Cir. 1987) ........................................................................... 7, 8

*Toth v. Trans World Airlines, Inc.*,
   862 F.2d 1381 (9th Cir. 1988) ............................................................................ 6

**FEDERAL RULES**

Rule 26(f) ................................................................................................................. 4

Rule 30(b)(6) .................................................................................................. 1, 2, 3, 7, 8, 9

Rule 37 ............................................................................................................... 1, 2, 5

Rule 37(b)(2)(A) ......................................................................................................... 7

Rule 37(b)(2)(C) ......................................................................................................... 7

Rule 37(d) ................................................................................................................... 5

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On September 23, 2016, this Court ordered Defendants Lincoln Computer Services LLC ("Lincoln"), Gary Cioffi and Shawn Garrity (collectively, "Defendants") to accomplish the following:

1. "On or before October 3, 2016, [Defendants] shall serve complete responses without objection to the interrogatories and requests for production and shall produce all documents responsive to the requests for production."

2. "On or before October 10, 2016, at a time and place to be selected by Plaintiff, [Lincoln] shall appear for a deposition under Federal Rule of Civil Procedure 30(b)(6) in accordance with the Notice of Deposition appended as Exhibit G to the 'Declaration of Christian A. Anstett, etc.,' filed August 26, 2016."

3. "On or before October 24, 2016, [Defendants] shall pay to Plaintiff the total sum of $22,848.00 as sanctions under Rule 37 of the Federal Rules of Civil Procedure."

(Dkt. 101.) All the Court-imposed deadlines have now passed, and Defendants have accomplished none of the tasks enumerated in the Court's September 23 order (the "Order").

Defendants' decision to ignore the Order was willful and was made with an understanding of the potential consequences, which were articulated by the Court – "Failure to timely comply with any portion of this Order may result in the imposition of more drastic sanctions, including, without limitation, the entry of Defendants' default." (Dkt. 101 at 2.) Defendants just did not fail to comply with any portion of the Order; they failed to comply with every portion of the Order. More drastic sanctions, including default and an award of Plaintiff's attorneys' fees and costs, are warranted and should be imposed forthwith.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff LABC Productions, LLC ("LABC" or "Plaintiff") set forth the lengthy

history of Defendants' misconduct in its Motion for Default. (Dkt. 95.) LABC and does not repeat that history here, but instead focuses on Defendants' conduct related to the September 23, 2016 hearing in this matter and the resulting Order.

### A. Plaintiff's Motion to Compel.

#### i. Defendants Fail to Attend Hearing.

In light of Defendants' failure to provide discovery responses, produce documents, meet and confer or appear for a 30(b)(6) deposition, on August 26, 2016, LABC filed a motion for default, or, in the alternative, to compel responses to discovery and 30(b)(6) deposition. (Dkt. 95.) On September 23, 2016, a hearing on LABC's motion was held in front of Magistrate Judge Eick. (Anstett Decl. ¶ 2, Ex. A; Dkt. 100.) Defendants did not attend that hearing and did not file any opposition to LABC's motion. (Anstett Decl. ¶ 3.) Despite calling the Court before the hearing to state that counsel was running late but would attend, Defendants never made an appearance or otherwise followed up with counsel for LABC or the Court. (*Id.*)

#### ii. The Order.

On September 23, 2016, the Court issued the Order on LABC's motion for default. (Anstett Decl. ¶ 4, Ex. B; Dkt 101.) The Order requires the following:

1. "On or before October 3, 2016, [Defendants] shall serve complete responses without objection to the interrogatories and requests for production and shall produce all documents responsive to the requests for production."

2. "On or before October 10, 2016, at a time and place to be selected by Plaintiff, [Lincoln] shall appear for a deposition under Federal Rule of Civil Procedure 30(b)(6) in accordance with the Notice of Deposition appended as Exhibit G to the 'Declaration of Christian A. Anstett, etc.,' filed August 26, 2016."

3. "On or before October 24, 2016, [Defendants] shall pay to Plaintiff the total sum of $22,848.00 as sanctions under Rule 37 of the Federal Rules of Civil Procedure."

(Dkt. 101.) The Order continues to state that "[f]ailure to timely comply with any

portion of this Order may result in the imposition of more drastic sanctions, including, without limitation, the entry of Defendants' default." (*Id.* at 2.)

### iii. Defendants Violate the Order.

Pursuant to the Order, on September 27, 2016, LABC served another Notice of Deposition of Person Most Knowledgeable of Lincoln, noticing that deposition for October 7, 2016. (Anstett Decl. ¶ 5, Ex. C.) Also on September 27, 2016, LABC sent Defendants a meet and confer letter (and email) discussing the Order. (*Id.* ¶ 6, Ex. D.) However, in spite of Plaintiff's efforts to obtain Defendants' compliance, Defendants did not satisfy any portion of the Order. (*Id.* ¶ 7.) Defendant Lincoln failed to appear for the properly noticed 30(b)(6) deposition. (*Id.*, Ex. E.) Defendants also failed to respond to LABC's attempt to meet and confer regarding the Order. (*Id.* ¶ 8.)

On October 5, 2016, Defendants' counsel, Mr. Graziani, resurfaced.[1] (Anstett Decl. ¶ 9.) He called counsel for LABC in response to its September 27, 2016 letter and left a voicemail stating that his clients might not be able to make the "October 9 or 10th deposition" and requesting that counsel for LABC contact him to "reschedule" the deposition. (*Id.*) Counsel for LABC returned Mr. Graziani's call later the afternoon of October 5, 2016, and sent a follow-up email to Mr. Graziani. (*Id.* ¶ 10, Ex. F.) Mr. Graziani never responded to those efforts to communicate with him. (*Id.* ¶ 10.) As of the filing of the present motion, LABC has not heard from Graziani since his October 5, 2016 phone call, although, on October 7, 2016, LABC's counsel received a phone call from Robert J. Hantman, who claimed to represent Defendants. (*Id.* ¶ 11.)

By way of background, on or around October 28, 2015, prior counsel for Defendants, David Kettel, sent an email to counsel for LABC stating that he and his

---

[1] Prior to October 5, 2016, LABC had not heard from Mr. Graziani since his August 18, 2016 phone call. (Anstett Decl. ¶ 9.)

law firm had been replaced by "new counsel, Robert Hantman of Hantman & Associates." (Anstett Decl. ¶ 12, Ex. G.) On that same day Mr. Hantman also emailed counsel for LABC and explained that while he was not admitted in California and would need to obtain local counsel, he hoped to "resolve the case without further litigation." (*Id.* ¶ 12, Ex. H.) From October 28, 2015, to approximately January 5, 2016, LABC and Mr. Hantman engaged in sporadic email and telephonic communication regarding settlement. (*Id.* ¶ 13.) Those discussions did not progress beyond an initial phase and on January 14, 2016, David Graziani (current defense counsel) contacted LABC and subsequently took over representation of Defendants. (*Id.*) Mr. Hantman never formally appeared in this case. (*Id.* ¶ 14.) Mr. Hantman's website states that he has "affiliated offices" with "David Graziani, P.C.," and Mr. Graziani and Mr. Hantman communicated regarding the case after Mr. Graziani appeared. (*Id.* ¶¶ 14-15, Ex. J.) For example, on April 5, 2016, Mr. Graziani copied Mr. Hantman on an email concerning the joint Rule 26(f) report. (*Id.* ¶ 14, Ex. I.) Upon information and belief, Mr. Hantman is not admitted to practice law in California and is several months behind on his registration in New York. (*Id.*)

After the October 7, 2016 phone call, Plaintiff's counsel provided Mr. Hantman with copies of the Court's orders. (Anstett Decl. ¶ 16.) Plaintiff's counsel again spoke with Mr. Hantman on October 20, 2016. (*Id.*) The parties did not reach any agreement; nor did Mr. Hantman's participation result in Defendants' performance of any part of the Order. (*Id.*)

**III. ARGUMENT**

    **A. Defendants' Disregard for Federal and Local Rules and this Court's Order Requires Default.**

Although "[d]ismissal [or default] is a proper sanction under Rule 37(d) for a serious or total failure to respond to discovery even without a prior order," *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981), this Court previously exercised its discretion to deny LABC's prior motion for default, electing to give Defendants an

opportunity to satisfy certain obligations they had previously neglected. Defendants ignored that opportunity, failing to comply with any part of the Court's Order. That Order states that default may result from any non-compliance. Default is now the appropriate remedy. Default or dismissal is "specifically encouraged" by the Ninth Circuit once is has been determined "that counsel or a party has acted willfully or in bad faith in failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or order." *Id.* at 310 (quoting *G-K Properties v. Redevelopment Agency*, 577 F.2d 645, 647 (9th Cir. 1978) (Internal citation omitted)).

The Court must consider the following five factors in evaluating whether default is an appropriate remedy: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997).

### i. All Five of the Relevant Factors Support Default.

Default furthers the public interest in expeditious resolution of litigation and enables the Court to effectively manage its docket because Defendants refusal to abide by the Court's Order continues to consume significant court and party resources. Moreover, while public policy favors resolution of cases on their merits, Defendants' refusal to engage in the case actually *prevents* disposition on the merits. In any event, this case is effectively resolved, as Defendants' admissions are fatal to most if not all defenses to LABC's operative complaint. Defendants have admitted (by failing to respond to the requests for admission) LABC's causes of action, including fraud.

During the September 23, 2016 hearing, this Court focused on the prejudice that Plaintiff has suffered to date and the availability of less drastic sanctions against Defendants. The use of less drastic sanctions, including the Court's most recent

order, has not changed Defendants' behavior.  LABC continues to suffer substantial and continuing prejudice due to Defendants' willful violation of this Court's Order. *See Payne*, 121 F.3d at 508 ("Failure to produce documents as ordered … is considered sufficient prejudice.") (internal quotation omitted).

The Ninth Circuit has noted that "warning a [party] that failure to obey a court order will result in [default] can suffice to meet the 'consideration of alternatives' requirement."  *Malone v. U.S. Postal Service*, 833 F.2d 128, 132 (9th Cir. 1987) (Internal citation omitted); *see also Buss v. Western Airlines, Inc.*, 738 F.2d 1053, 1054 (9th Cir. 1984) (affirming dismissal and noting that "[c]ounsel was warned by the court upon several occasions that further delay and refusal to cooperate would result in the case being dismissed.").  Despite the Court's specific warnings against further recalcitrance, Defendants utterly disregarded the Court's Order.  Such behavior warrants default.

### ii. Defendants' Non-Compliance with the Order Provides Sufficient Grounds for Default.

The Order provides that "[f]ailure timely (sic) to comply with any portion of this Order may result in the imposition of more drastic sanctions, including, without limitation, the entry of Defendants' default."  (Dkt. 101.)  Defendants did not comply with any portion of the Order.  Defendants had "actual notice" of the potential for terminating sanctions including default yet still repeatedly elected to disregard the Order.  *See Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1385-87 (9th Cir. 1988).  Indeed, a representative for Defendants contacted counsel for LABC to discuss the Order.  No agreement was reached, and no compliance of any manner was accomplished.  Default is appropriate for that reason alone.  *See Dreith v. Nu Image, Inc.*, 648 F.3d 779 (9th Cir. 2011) (affirming default order after party failed to abide by court order); *see also Hester v. Vision Airlines, Inc.*, 687 F.3d 1162 (9th Cir. 2012) (upholding default order due to bad faith discovery violations, including failure to abide by court order).

### B. Defendants Should Be Ordered to Pay LABC's Attorneys' Fees and Costs Related to Defendants' Non-Appearance and this Motion.

In addition to the entry of default, LABC is entitled to its costs and attorneys' fees, jointly and severally against all Defendants, for their failure to follow any portion of the Order.

#### i. Federal Rule of Civil Procedure 37 Supports A Fee Award.

Because Defendants failed to comply with the Court's order, "Rule 37 provides the following remedies: Rule 37(b)(2)(A) 'If a party ... fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders,'" which include "(vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.'" *Haeger v. Goodyear Tire & Rubber Co.*, 813 F.3d 1233, 1243, n. 3 (9th Cir. 2016), *cert. granted in part by* -- S.Ct. --, 2016 WL 29227901 (Sept. 29, 2016). Moreover, the Ninth Circuit, in *Haeger*, noted that pursuant to Rule 37(b)(2)(C), "[i]nstead of *or in addition to* the orders above, the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* (Internal citations omitted; emphasis added). Here, of course, Defendants' failure to participate in litigation or abide by the Court's Order is not substantially justified and no circumstances make an award of attorneys' fees and costs unjust or improper.

#### ii. This Court Should Award Fees Pursuant to Its "Inherent Powers."

This Court should also exercise its "inherent powers" to award Plaintiff its attorneys' fees and costs. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 916 (9th Cir. 1987) (per curiam) (noting court has inherent power to impose default sanction for failure to participate in litigation); *see also Anheuser-Busch, Inc. v.*

*Natural Beverage Distributors*, 69 F.3d 337, 348-49 (9th Cir. 1995) (collecting cases discussing court's inherent power to sanction in light of bad faith conduct, such as disregarding discovery order).

"The inherent powers of federal courts are those that are necessary to the exercise of all others. [Citations]. The most common utilization of inherent powers is a contempt sanction levied to protect the due and orderly administration of justice and maintain the authority and dignity of the court." *Primus Automotive Financial Services, Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1977) (Internal citations and quotations omitted). Before a district court may award sanctions under its inherent powers, "the court must make an explicit finding that counsel's conduct constituted or was tantamount to bad faith." *Id.* (Internal citation and quotations omitted). Here such a finding easily follows from Defendants actions or lack thereof. Indeed, a party "demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." *Batarse*, 115 F.3d at 649; *see also Hester*, 687 F.3d at 1169 (affirming bad faith determination of district court based on offending party's willful disregard of court order). Defendants have systematically acted in bad faith.

There should be no question that Defendants unilaterally have delayed and disrupted the litigation, while hampering enforcement of this Court's Order. Compliance with the Court's Order was completely in Defendants control. As detailed above, Defendants (i) have not provided *any* discovery responses, (ii) have repeatedly failed to appear for Lincoln's 30(b)(6) deposition(s), (iii) have not reasonably responded to LABC's most recent meet and confer attempt, and (iv) have not paid the sizable amounts previously leveled due to their conduct and which remain outstanding. (*See* Dkts. 89, 101.) Simply put, Defendants have disregarded nearly every order issued in this case, including the Court's September 23, 2016

///

///

///

Order. In the process they have increased LABC's attorneys' fees and costs.[2]

## IV. CONCLUSION

For all of the reasons stated above, LABC requests the Court sanction and order Defendants to pay LABC's costs and attorneys' fees incurred in preparing for and attending the October 7, 2016 30(b)(6) deposition of Lincoln, as well as LABC's costs and attorneys' fees related to this motion. Further, LABC respectfully requests that this Court enter default against Defendants for their refusal to comply with this Court's Order, in addition to their failure to participate in this litigation.

DATED this 25th day of October 2016.

                                              BAKER MARQUART LLP

                                              By: /s/ Ryan G. Baker
                                                   RYAN G. BAKER
                                                   BAKER MARQUART LLP
                                                   *Attorneys for Plaintiff*
                                                   *LABC Productions, LLC*

---

[2] LABC respectfully requests that it be permitted to brief the Court on applicable attorney's fees and costs incurred since the September 23, 2016 hearing in its reply to the instant motion.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using CM/ECF system, which will send e-mail notification of such filing to all registered parties. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 25th day of October 2016.

                                          BAKER MARQUART LLP

                                          By: /s/ Ryan G. Baker
                                                  RYAN G. BAKER